**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MAURO ALEJANDRO ARRIETA PADILLA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1881-R** |
| **WARDEN, Cimarron Correctional Facility, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Mauro Alejandro Arrieta Padilla, a noncitizen[1] and Colombian national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Colombia, entered the United States on October 25, 2024, near Calexico, California[2] and was placed into expedited removal proceedings. Resp. at 1-2; Doc. 11-1 at 1 (Notice of Expedited Removal). On December 5, 2024, ICE exercised its discretion to refer the credible fear determination to the Immigration Court, and placed Petitioner into removal proceedings through the issuance of a Notice to Appear, which resulted in the cancellation of his expedited removal proceedings. Resp. at 2; Doc. 11-2 at 1 (Notice to Appear). In the Notice to Appear, ICE charged Petitioner with being inadmissible (1) under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection and (2) under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as someone not in possession of valid entry documents. Doc. 11-2 at 2.

On December 14, 2024, Petitioner was released from ICE custody on interim parole for one year under 8 U.S.C. § 1182(d)(5). Resp. at 2; Doc. 11-3 at 1 (Interim Notice Authorizing Parole). On October 7, 2025, Petitioner filed an Application for Asylum and Withholding of Removal. Pet. at 6; Doc. 1-2 at 2 (Asylum Application). Petitioner alleges he has no criminal history and actively pursued his immigration proceedings. Pet. at 7.

On January 20, 2026, ICE re-detained Petitioner at a routine scheduled check-in upon execution of a warrant. *Id.* at 3; Doc. 11-4 at 2-3 (ICE Encounter Summary); Doc.

[2] Petitioner alleges he entered the United States near San Ysidro, California. Pet. at 6; Doc. 1-6 at 2 (Petitioner's Declaration). However, the Notice of Expedited Removal alleges he entered near Calexico, California. Doc. 11-1 at 1. The exact point of entry does not impact the undersigned's analysis.

11-5 (Warrant for Arrest). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1). Resp. at 3. Petitioner alleges has not had a bond hearing or individualized custody determination. Pet. at 3.

On June 15, 2026, an IJ denied Petitioner's asylum claim and ordered him removed to Colombia. Resp. at 2; Doc. 11-6 at 1, 3 (IJ Order). However, Petitioner appealed his order of removal to the Board of Immigration Appeals ("BIA") and that appeal is pending. Resp. at 2; Doc. 11-7 at 1 (BIA Filing Receipt). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He is currently detained at Diamondback Correctional Facility in Watonga, Oklahoma. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 17, 2026).[3]

## II. Petitioner's Claims

Liberally construed, Petitioner brings one claim alleging a violation of the Immigration and Nationality Act ("INA"). Pet. at 8-11. Petitioner alleges he is properly detained pursuant to 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A) under binding Tenth Circuit precedent in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) because he was apprehended in the interior of the United States fifteen months after entry. Pet. at

---

[3] While neither party has informed the Court, it appears Petitioner was transferred after he filed his Petition. *See* Docs. 8, 9, and 12 (indicating mail sent to Petitioner at Cimarron Correctional Facility was returned as undeliverable). The undersigned concludes Petitioner's transfer does not impact the analysis, especially because both facilities are within the territory of the Western District of Oklahoma.

10. He asks the Court to "order Respondents to provide [him] access to a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge, or release him, within seven days." Pet. at 13 (citation modified). He also asks for the appointment of counsel. *Id.*[4]

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing 8 U.S.C. § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of

[4] To the extent Petitioner seeks appointment of counsel "in light of his detention, pro se status, limited English proficiency, and the barriers to litigation he faces from custody," Pet. at 13, adoption of this Report and Recommendation would moot Petitioner's request.

> persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing under the statute. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner alleges § 1226(a)—rather than § 1225(b)(2)(A)—governs his current detention under binding Tenth Circuit precedent in *Santillan Quiroz* because he was apprehended inside the United States fifteen months after entry. Pet. at 10. Respondents argue Petitioner is properly detained under § 1225(b)(1). Resp. at 3-6.

Petitioner was recently re-apprehended in the interior of the country and had been living in the United States for one year since his release in December 2024. The undersigned finds it implausible under these circumstances that Petitioner remains an

"arriving alien." Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified).

Indeed, Judges in this District have found where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration authorities," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026); *see also Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (finding a noncitizen detained after revocation of § 1182(d)(5) humanitarian parole is held pursuant to § 1226(a), not § 1225(b)(1)); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (same).

Therefore, consistent with its prior decisions, the Court should apply § 1226(a) to govern Petitioner's current detention and order a bond hearing. *See Aitiev*, 2026 WL 2125893, at *2 ("Because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention."); *Ochilov*, 2026 WL 1896139,

at *2 (same); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute.").

**B. The proper remedy is a bond hearing.**

Petitioner requests "a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge." Pet. at 13. The undersigned agrees a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1248, 1251 n.13 (10th Cir. 2026); *see also Aitiev*, 2026 WL 2125893, at *2 (citing *Santillan Quiroz* and finding "that a bond hearing is the proper remedy" where "the more general provisions of § 1226 govern" rather than § 1225(b)(1)). Further, this Court has consistently declined to order burden shifting. *See, e.g., Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage" (citation modified)). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[5]

[5] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently raised a claim alleging the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, this Court has declined to find termination of

## V. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 24, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 29, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

humanitarian parole under § 1182(d)(5)(A) entitles a noncitizen to release. *See, e.g. Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner "has a protected liberty interest in remaining out of custody" but declining to hold that re-detention in violation of § 1182(d)(2) entitles him to additional relief); *accord Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026) (finding in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides "no avenue for relief"). Accordingly, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

**ENTERED** this 17th day of September, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE