**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MAURO ALEJANDRO ARRIETA PADILLA,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1881-R** |
| **WARDEN, Cimarron Correctional Facility, et al.,** | ) | |
| **Respondents.** | ) | |

**ORDER**

Challenging his detention by Immigration and Customs Enforcement, Petitioner, Mr. Mauro Alejandro Arrieta Padilla, seeks release from detention or a prompt bond hearing from this Court through a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. No. 1]. The Court referred Mr. Padilla's Petition to United States Magistrate Judge Chris M. Stephens, who recommended that the Court grant in part the Petition and order a bond hearing pursuant to 8 U.S.C § 1226(a). Both parties objected [Doc. Nos. 18, 19], so the Court will review de novo those portions of the Report to which they specifically object. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Respondents object to Judge Stephens's Recommendation that Mr. Padilla is detained pursuant to § 1226(a). Instead, Respondents argue that they may hold Mr. Padilla without bond as an "arriving" noncitizen, despite paroling him into the country under 8 U.S.C. § 1182(d)(5)(A). They say once his parole ended, he reverted to his original status:

An "arriving" noncitizen subject to expedited removal. *See* 8 U.S.C. § 1225(b)(1). The Court is not convinced.

Mr. Padilla's notice to appear makes clear that Respondents originally claimed that he was not an "arriving" noncitizen. [Doc. No. 11-2 at 1]. So if anything, his parole status should revert to his original status as a noncitizen "present in the United States who has not been admitted or paroled. Given that Respondents then paroled Mr. Padilla into the country where he remained for over a year before being redetained, his detention is now "more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a). *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). As a result, the Court agrees with Judge Stephens's Recommendation that § 1226(a) governs Mr. Padilla's detention. This accords with other decisions from the Court and within this District. *See, e.g.*, *Marcano v. Johnson,* No. CIV-26-1389-J, 2026 WL 2807028, at *2 (W.D. Okla. Sept. 18, 2026) ("This Court, and indeed many others in this district and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.").

Mr. Padilla objects to the remedy: A bond hearing instead of release from custody. But as the Court has previously concluded, an individualized bond hearing before an Immigration Judge is the proper remedy when the government terminates humanitarian parole under 8 U.S.C. 1182(d)(5)(A). *Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026); *see Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) ("Because [The Petitioner] can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days

of such order, either provide him with a bond hearing or else release him."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Accordingly, the Court ADOPTS Judge Stephens's Report and Recommendation, GRANTS in PART the Petition for Writ of Habeas Corpus [Doc. No. 1] and ORDERS Respondents to provide Petitioner with a lawful bond hearing pursuant to § 1226(a) within seven days of the date of this order or otherwise release him if he has not received such a hearing within that period. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 26th day of October, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**